UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MELISSA DRAKE,
MADELYN DeJUSTO, and
DOUGLAS A. SPRINGSTEAD,

    Plaintiffs,                                      Civil Action No. 1:10-cv-185

v                                                       Hon. Robert J. Jonker

BRIANNA SCOTT,

    Defendant.

---

| Thomas V. Hubbard (P60575) | Paul A. McCarthy (P47212) |
|---|---|
| Drew, Cooper & Anding, P.C. | Stephen Jay Hulst (P70257) |
| Attorneys for Plaintiffs | Rhoades McKee |
| Ledyard Building, Suite 300 | Attorneys for Defendant |
| 125 Ottawa Avenue, N.W. | 161 Ottawa Avenue, N.W., Suite 600 |
| Grand Rapids, MI 49503 | Grand Rapids, MI 49503 |
| Ph:  (616) 454-8300 | Ph:  (616) 235-3500/233-5133 |
| thubbard@dcadvocate.com | sjhulst@rhoadesmckee.com |
|  | pmccarthy@rhoadesmckee.com |

---

## **JOINT STATUS REPORT**

      For their Joint Status Report, Plaintiffs Melissa Drake, Madelyn DeJusto, and Douglas A. Springstead, and Defendant Brianna Scott, by and through their counsel, state as follows:

      A Rule 16 Scheduling Conference is scheduled for Tuesday May 18, 2010, before the Honorable Robert J. Jonker. Appearing for the parties as counsel will be: Thomas V. Hubbard, counsel for Plaintiffs, and Paul A. McCarthy, counsel for Defendant.

1)      <u>Jurisdiction</u>: The basis for the Court's subject matter jurisdiction is 28 U.S.C. § 1331 for the claim brought under Title 3 of the Omnibus Crime Control and Safe Streets Act of 1968, specifically the Federal Electronic Communications Privacy Act, 18 USC § 2510 *et. seq.* and 28 U.S.C. § 1367 for the claim brought under Michigan's Eavesdropping law.

2)      <u>Jury or Non-Jury</u>: This case is to be tried before a jury.

3) <u>Judicial Availability</u>: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4) <u>Geographic Transfer</u>: The parties are advised of the possibility, pursuant to W.D. Mich. LCivR 3.3(h), of a transfer of the action to a judge located in a different city, on the basis of the convenience of counsel, the parties, or witnesses. Reassignment of the action shall be at the discretion of the court and shall require the consent of all parties and of both the transferor and transferee judge. The parties shall indicate whether a transfer for geographic convenience is warranted in this case.

5) <u>Statement of the Case</u>: This case involves:

<u>Plaintiffs state</u>: Plaintiff Melissa Drake and Defendant Brianna Scott, both Michigan attorneys, formed the law firm of Drake & Scott, PLLC. In late December 2009, Ms. Scott, as controlling member of the Firm, filed dissolution papers with the State of Michigan. Plaintiffs allege that in late December and/or early January 2010, Defendant willfully intercepted telephone and internet activity without consent and without a legitimate business purpose constituting a violation of the Electronic Communications Privacy Act (the "Act"), 18 U.S.C. §§2510-2520 and the Michigan Eavesdropping Statute, MCL §750.539h. Plaintiffs' allegations are premised on Defendant's express admission of monitoring the internet and telephone systems.

<u>Defendant states</u>: This case is but one example of various retaliatory acts taken by Melissa Drake in response to the entry, on January 12, 2010, of a TRO against Ms. Drake. The TRO was sought and obtained in the Muskegon County Circuit Court as part of dissolution proceedings regarding the Drake & Scott, PLLC law firm. On January 13, 2010, the day after the TRO entered against her, Ms. Drake improperly sought and obtained a Personal Protection Order against Ms. Scott (now dismissed) from the Oceana County Circuit Court. Ms. Drake has also filed a grievance against Ms. Scott and has prompted her clients to likewise file grievances regarding the very matters that are subject to Court Order in the dissolution action. In the instant action, Ms. Drake – together with her attorney in the dissolution action, Douglas Springstead, and her mother, Madelyn DeJusto – claims that Ms. Scott "intercepted" communications in violation of federal law.

Plaintiffs root their allegations in an email by Ms. Scott that mentions "monitoring" of computer of telephone use. This provides no support for a claim that communications were "intercepted" under federal law. Furthermore, to confirm the lack of factual predicate for Plaintiffs' allegations, Defendant has had the computer system and telephones evaluated by experts. Defendant provided Plaintiffs' counsel with affidavits of experts confirming that no interception of emails or telephone conversations took place.

6) <u>Joinder of Parties and Amendment of Pleadings</u>: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by June 1, 2010.

7) <u>Disclosures and Exchanges</u>:

 (i) Fed. R. Civ. P. 26(a)(1) disclosures: June 1, 2010

 (ii) Fed. R. Civ. P. 26(a)(2) disclosures: Plaintiffs expect to be able to furnish the names of Plaintiffs' known retained expert witnesses to Defendant by June 1, 2010. Defendant expects to be able to furnish the names of Defendant's known retained expert witnesses to Plaintiffs by July 1, 2010.

 (iii) Fed. R. Civ. P. 26(a)(3) disclosures: 30 days before trial.

 (iv) The parties have agreed to make available the following documents without the need of a formal request for production:

 From plaintiff to defendant by June 1, 2010: Rule 26(a)(1) disclosures.

 From defendant to plaintiff by June 1, 2010: Rule 26(a)(1) disclosures.

 (v) Initial Disclosures of potential lay witnesses: July 1, 2010.

8) <u>Discovery</u>: The parties believe that all discovery proceedings can be completed by November 18, 2010 (6 months). The parties recommend the following discovery plan:

 Discovery may be needed on the issues of existence of interception and monitoring of telephone and internet activity; the damages sought; and other issues disclosed through the course of discovery. Discovery should proceed in a single phase and not be limited to certain issues. The parties agree to the presumptive limits for interrogatories and depositions set forth in the Federal Rules of Civil Procedure.

9) <u>Motions</u>: The parties anticipate that all dispositive motions will be filed by December 16, 2010. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

10) <u>Alternative Dispute Resolution</u>: The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

 Plaintiffs' preferred method of alternative dispute resolution is voluntary facilitative mediation (W.D. Mich. L.CivR. 16.3).

11) <u>Length of Trial</u>: Counsel estimates the trial will last approximately 4 days, total, allocated as follows: 2 days for Plaintiffs' case, 2 days for Defendant's case, 0 days for other parties.

12) <u>Prospects of Settlement</u>: The status of settlement negotiation is:

The parties have not yet engaged in settlement discussions.

13) <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirement of the local rules. Counsel opposing a *pro se* party must **file** documents electronically but **serve** *pro se* parties with paper documents in the traditional manner.

14) Other: The parties are not aware of any special characteristics at the present time that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

                                        Respectfully Submitted,

Dated: May 13, 2010

                                        /s/ Thomas V. Hubbard
                                        Thomas V. Hubbard (P60575)
                                        Drew, Cooper & Anding, P.C.
                                        Attorneys for Plaintiffs
                                        Ledyard Building, Suite 300
                                        125 Ottawa Avenue, N.W.
                                        Grand Rapids, MI 49503
                                        Ph:    (616) 454-8300
                                        thubbard@dcadvocate.com

Dated: May 13, 2010

                                        /s/ Paul A. McCarthy
                                        Paul A. McCarthy (P47212)
                                        Stephen Jay Hulst (P70257)
                                        Rhoades McKee
                                        Attorneys for Defendant
                                        161 Ottawa Avenue, N.W., Suite 600
                                        Grand Rapids, MI 49503
                                        Ph:    (616) 235-3500/233-5133
                                        sjhulst@rhoadesmckee.com
                                        pmccarthy@rhoadesmckee.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 13, 2010, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Dated:  May 13, 2010         /s/ Thomas V. Hubbard
                Thomas V. Hubbard (P60575)
                Drew, Cooper & Anding, P.C.
                Attorneys for Plaintiffs
                Ledyard Building, Suite 300
                125 Ottawa Avenue, N.W.
                Grand Rapids, MI 49503
                Ph: (616) 454-8300
                thubbard@dcadvocate.com

I:\JEATeam\3027-01\PLEADINGS\Joint Status Report